# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH EPHRAIM,<br>    Plaintiff | : | No. 3:04cv2337 |
| | : | (Judge Munley) |
| v. | : | |
| eHOMECREDIT CORP.,<br>COUNTRYWIDE HOME LOANS,<br>RAINTREE HOMES, INC., JOHN<br>DOE TRUSTEE, JOHN DOE TRUST,<br>JOHN DOES #'S 1-100,<br>    Defendants | : | |

## **MEMORANDUM**

Before the court for disposition are two motions to dismiss. One is filed by Defendant eHomeCredit Corp., which seeks to dismiss Counts I, II, III and IV of plaintiff's amended complaint. The other motion is filed by Defendant Raintree Homes and seeks to dismiss Counts III and VI of the Amended Complaint. The matters have been fully briefed and are ripe for decision.

**Background**[1]

Plaintiff Joseph Ephraim is an adult individual residing in Tannersville, Pennsylvania. Defendant Raintree Homes, Inc. ("Raintree") is in the business of custom home building and design. Defendant eHomeCredit Corporation ("eHome") is a business engaged in sub-prime mortgage lending and servicing. Defendant Countrywide Home Loans ("Countrywide") is in the business of brokering loans in the sub-prime mortgage lending industry.[2]

---

[1] The background facts are derived from the plaintiff's First Amended Complaint, (Doc. 32), and we consider them as true for the purposes of this motion.

[2] John Doe Trust is the current holder, beneficial owner or assignee of the plaintiff's mortgage, which was originated by eHome. John Doe Trustee is the trustee of the John Doe. These defendants are not involved in the instant motions.

In September 2000, Defendant Raintree represented to plaintiff that purchasing and financing the cost of a newly constructed home in the Poconos would be beneficial to him. Raintree represented that by entering into a new home purchase agreement, the price of the home would be $199,826.00 less a promotional giveaway of $10,575.00. Thus, Raintree represented that the adjusted price of the real estate at issue was $189,251.00, and that this amount was the value of the property. Raintree further indicated that, as an inducement for plaintiff to enter into the purchase agreement, it would provide $8000.00 towards repayment of any costs or expenses arising out of obtaining financing. Based upon Raintree's representations, plaintiff contracted with it for the construction of a new home in the amount of $189,251.00. Plaintiff asserts that the fair market value of the real estate at issue was drastically lower than the purchase price.

Raintree then assisted plaintiff in obtaining the interest of eHome in providing financing to plaintiff for construction of the new home. EHome promised to obtain a new mortgage loan for plaintiff that would carry a low rate of interest and a single low monthly payment. A mortgage loan closing was held on June 7, 2002. Among the documents executed at the closing was a Note and Mortgage prepared by eHome for approximately $170,300.00 at a contract rate of interest of 7%. The settlement sheet for the loan reflects an appraisal fee of $300.00 and appraisal review fee of $50.00 that are not bona fide and not reasonable because Raintree drastically inflated the value of the house. Raintree hired an appraiser to deceptively inflate the actual fair market value of the real property at issue. EHome and Raintree acted together as part of a deceptive scheme to induce plaintiff to borrow a higher loan amount than was actually required due to the inflated sales price of the property at issue. Raintree

2

and eHome also acted in collusion with the appraiser to inflate the value of the house in order to obtain a higher purchase price and higher mortgage loan from plaintiff.  Thus, plaintiff asserts that eHome offered him a larger loan than he had requested, and that eHome made the loan without regard to his ability to repay it.  Ehome further charged unreasonable fees in the loan, all of which were financed into the mortgage, increasing plaintiff's indebtedness to eHome.

The servicing rights and obligations with respect to plaintiff's loan were undertaken by Countrywide.  In July 2003, Countrywide, without explanation, began charging plaintiff a higher mortgage payment than agreed upon.  Countrywide is charging plaintiff fees that are undisclosed and/or placing unnecessary amounts in escrow without explanation.

Due to the defendants' actions, plaintiff has suffered financial detriment and extreme emotional distress.  Accordingly, plaintiff filed the instant six-count complaint asserting the following: Count I, Truth-in-Lending Act violation; Count II, Equal Credit Opportunity Act violation; Count III, Breach of Contract; Count IV, Negligent Servicing; Count V, Pennsylvania Fair Credit Extension Uniformity Act violation; Count VI, Pennsylvania Consumer Protection Law violation.

Defendants Raintree and eHome have filed motions to dismiss portions of the plaintiff's complaint bringing the case to its present posture.

**Jurisdiction**

As plaintiff seeks to recover under the Federal Truth in Lending Act we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**I. Defendant Raintree's Motion To Dismiss**

Defendant Raintree moves to have itself dismissed from Counts III and IV. (Doc. 33). We shall address these counts separately.

A. Count III

Count III of the Amended Complaint asserts a cause of action for breach of contract. (Amended Complaint, ¶ 61-77). Defendant Raintree asserts that the Amended Complaint fails to assert the manner in which it breached the contract. After a careful review, we disagree.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief."

Under Pennsylvania law, a breach of contract is established by demonstrating the following: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. Gorski v. Smith, 812 A.2d 683, 692 (Pa. Super. Ct. 2002).

The Amended Complaint alleges that plaintiff and Raintree entered into an agreement for the purchase of a newly constructed house. (Amended Complaint ¶ 63). The plaintiff alleges that Raintree breached its implied duty to act in good

faith in the execution and performance of the contract.  (Id. at ¶ 66).  The breach of Raintree's duty is described as follows:

"Defendant Raintree failed to obtain the legitimate, meaningful consent of Plaintiffs for the terms of the Agreement by purposefully, intentionally and deceptively inflating the purchase price of the real property at issue. Furthermore, the terms of the contract with Raintree do not reflect a bargained-for exchange between Plaintiff and Raintree."   (Id. at 67 -68 (paragraph numbers omitted)). Plaintiff also asserts that he suffered damage as a direct result of the breach.  (Id. at 70).

Plaintiff has thus made sufficient allegations of the existence of a contract, its breach and resultant damages to overcome Raintree's motion to dismiss Count III.  If the assertions of the complaint are true, they certainly support the position that Raintree violated its implied duty of good faith and fair dealing. Accordingly, Raintree's motion with respect to Count III will be denied.

B. Count VI

Count VI of plaintiff's Amended Complaint asserts violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (hereinafter "UTPCPL"), 73 PENN.STAT.  § 201-1, et seq.  Defendant Raintree asserts that this count must be dismissed because real estate transactions are not covered by the UTPCPL and, even if they were, the plaintiff has failed to assert the necessary elements, which include the elements of common law fraud. Defendant Raintree is incorrect when it argues that real estate transactions are not covered by the UTPCPL.  See Colaizzi v. Beck, - - A.2d - - ; 2006 WL 476638 * 2(Pa. Super. Ct. 2006) ("An individual who purchases goods, including real estate may bring a private action to recover damages caused by another's act or practice declared unlawful by the UTPCPL.")

The UTPCPL prohibits "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 PENN. STAT. § 201-2(4)(xxi). The Amended Complaint does not allege that the defendants engaged in fraudulent conduct. However, to assert a cause of action under 73 PENN. STAT. § 201-2(4)(xxi), the plaintiff must indeed prove all the elements of common-law fraud, which include the following: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result. Colaizzi, at *3.

Plaintiff's position is that such allegations do not have to be made. His position is not supported by the Pennsylvania Superior Court's most recent holding on this subject. See Colaizzi, supra. Accordingly, there is merit to defendant's motion to dismiss. Instead of dismissing this count, however, we will grant the plaintiff leave to file an amended complaint to properly allege the elements of common law fraud with respect to his UTPCPL action. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.")

**II. Defendant eHomeCredit Corporation's motion to dismiss**

Defendant eHome has moved to dismiss Counts I, II, III and VI of plaintiff's amended complaint. We will address each count separately.

A. Truth in Lending Act claim

Count I of plaintiff's complaint asserts a cause of action under the Truth in Lending Act ("TILA"), 15 U.S.C.A. § 1601, et seq. Defendant eHome claims that a one-year statute of limitations applies to such claims and plaintiff failed to file the complaint within that time limit. We are unconvinced.

6

The one year statute of limitations under TILA "is not jurisdictional and can be equitably tolled." Ramadan v. The Chase Manhattan Corp., 156 F.3d 499, 505 (3d Cir. 1998). The Third Circuit Court of Appeals has explained this doctrine as follows:

> Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed. We have instructed that there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380,1387(3d Cir. 1994) (internal citations omitted).

Plaintiff argues that Defendant eHome has actively misled him respecting his cause of action. Plaintiff's position is that the following was concealed: the value of the benefits of the loan at issue; the price of the real property at issue were inflated thus the appraisal fee and the appraisal review fee were unreasonable; eHome and Raintree acted together as to induce plaintiff to borrow a higher loan amount than was actual required; and Raintree colluded with eHome and others to inflate the value of the house in order to obtain a higher purchase price and higher mortgage loan from the plaintiff. (Amended Complaint, ¶ 23, 24, 26, 28, 29).

Accordingly, we find sufficient allegations in the complaint to possibly apply equitable tolling. Additionally, the defendant's argument is premature. The statute of limitations defense may be more properly determined on a motion for summary judgment when the court may examine evidence outside of the pleadings.

B. Count II statute of limitations

Count II of plaintiff's complaint asserts a cause of action under the Equal Credit Opportunity Act (hereinafter "ECOA").  Defendant eHome claims that this cause of action is barred by ECOA's two-year statute of limitations.   For the reasons set forth above regarding the statute of limitations and plaintiff's TILA claim, we will deny defendant's statute of limitations argument with respect to ECOA.

C.  Detrimental reliance and TILA

Next, eHome argues that plaintiff has not alleged detrimental reliance, an essential element of a claim for damages under TILA.  After a careful review, we disagree.

The complaint asserts as follows: "On or about June 7, 2002, a mortgage loan closing was held wherein Plaintiff was asked by eHomeCredit's agents to sign various forms and documents in **reliance** upon the representations of eHomeCredit that the loan was beneficial to Plaintiff."  (Amended Complaint, ¶ 24) (emphasis added).  The complaint further avers: "As a direct and proximate result of said actions, Plaintiff has suffered financial and other harm, including *inter alia*, a reduction in equity of Plaintiff's home and an over-secured mortgage."  (Id. at ¶ 99).   Plaintiff has thus alleged reliance that worked to his detriment and defendant's position is without merit.

D.  Breach of Contract

Next, Defendant eHome asserts that plaintiff's breach of contract claim fails to state any contract terms not fulfilled by eHome.  We disagree.

As set forth above, with respect to Defendant Raintree, plaintiff's complaint asserts that the defendant breached the implied contractual duty of good faith. (Amended Complaint ¶ 66).  Plaintiff asserts that eHome breached their contractual duties by charging fees that were excessive and/or not bona fide, not

8

reasonable or not authorized pursuant to the agreement. (Id. ¶ 71). Further, plaintiff avers that defendant breached the duty of good faith and fair dealing by insisting that plaintiff tender amounts he did not owe. (Id. at ¶ 72). Accordingly, defendant's motion to dismiss the breach of contract claim will be denied.

E.  UTPCPL

The last issue raised by Defendant eHome is whether the plaintiff has properly alleged reliance and causation in order to sustain a private right of action under the UTPCPL.

Plaintiff advances the same arguments as it did with respect to Raintree's motion to dismiss the UTPCPL claim. For the reasons set forth above with respect to Raintree's motion, we find that plaintiff does not properly assert a UTPCPL claim. We will grant leave to plaintiff to file an Amended Complaint properly alleging all the elements of a UTPCPL claim.

**Conclusion**

Based on the foregoing reasoning, we find merit to the defendants' claims with regard to the plaintiff's UTPCPL. We will thus grant leave for the plaintiff to file an amended complaint to properly assert a UTPCPL cause of action. The motions to dismiss will be denied in all other respects. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH EPHRAIM,** | : | No. 3:04cv2337 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **EHOME CREDIT CORP., COUNTRYWIDE HOME LOANS, RAINTREE HOMES, INC., JOHN DOE TRUSTEE, JOHN DOE TRUST, JOHN DOES #'S 1-100,** | : | |
| Defendants | : | |

## ORDER

    **AND NOW**, to wit, this 13th day of March 2006, Defendant Raintree Homes, Inc.'s motion to dismiss (Doc. 33) is hereby **DENIED**. Defendant eHome Credit Corp.'s motion to dismiss (Doc. 35) is also **DENIED**. Plaintiff is granted twenty (20) days in which to file an amended complaint properly asserting a cause of action under the Unfair Trade Practices and Consumer Protection Law or that cause of action will be dismissed from the case.

                                          BY THE COURT:

                                          s/ James M. Munley
                                          JUDGE JAMES M. MUNLEY
                                          United States District Court